# IN THE COURT OF APPEALS OF IOWA

No. 15-1723
Filed August 31, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CHARLIE GARCIA-SANTOS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.

Charlie Garcia-Santos appeals, contending his attorney was ineffective in allowing him enter a guilty plea lacking a factual basis. **AFFIRMED.**

Karmen R. Anderson of The Law Office of Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Charlie Garcia-Santos pled guilty to domestic abuse assault causing bodily injury. *See* Iowa Code §§ 708.2A(2)(b), 708.1(2) (2015). He now contends the plea lacked a factual basis. He specifically takes issue with the intent and bodily injury elements of the crime, arguing "there is no evidence in the terms written by [him] that he intended to cause the victim injury or pain or that he actually caused her a bodily injury" and "nothing in the minutes . . . indicate that the victim was in physical pain at any point in time." *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) ("At the time of the guilty plea, the record must disclose facts to satisfy all elements of the offense."). Garcia-Santos raises the factual basis claim under an ineffective-assistance-of-counsel rubric.

We find the record adequate to address this issue. *See State v. Putnam*, No. 15-1222, 2016 WL 3309062, at *6 (Iowa Ct. App. June 15, 2016). To prevail, Garcia-Santos must establish (1) the breach of an essential duty and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). His claim fails on the first prong.

Garcia-Santos' petition to plead guilty included an admission that he "did assault [his wife] . . . causing her to be injured by pushing and grabbing her during an argument." The petition also contained a "request that the Court accept as true the minutes of testimony to further establish the factual basis for this offense." *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010) (noting factual basis can be discerned from minutes of evidence).

According to the minutes, Garcia-Santos got into an argument with his wife. She took refuge in her mother-in-law's home, locking the front door behind

her. Garcia-Santos entered the home through a window, broke down the door of a locked bedroom in which his wife was hiding, shoved her in the face, pushed her backwards, took her downstairs, pushed her outside, and shoved her again. The minutes disclose that his wife sustained an injury or injuries during the episode.

On our de novo review, we conclude the plea was supported by a factual basis. Accordingly, counsel did not breach an essential duty in permitting Garcia-Santos to enter the plea and his ineffective-assistance-of-counsel claim fails. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011) ("[I]f there is a factual basis for the plea, then [the] ineffective-assistance claim must fail because 'counsel has no duty to raise an issue that lacks merit.'" (citation omitted)); *see also State v. Riley*, No. 02-1934, 2003 WL 21373158, at *1 (Iowa Ct. App. June 13, 2003) (finding a factual basis where defendant "himself admitted the assault" and "[t]he remaining elements were satisfied through the . . . minutes of testimony").

We affirm Garcia-Santos's judgment and sentence for domestic abuse assault causing bodily injury.

**AFFIRMED.**